IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BEARDEN, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRECISION AIR DRILLING SERVICES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 11-1511<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER GRANTING PRELIMINARY APPROVAL TO THE PARTIES' JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT

The parties in this action have submitted a Joint Motion for Approval of the Settlement Agreement in this case arising under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"). Upon consideration of the Motion (Docket No. [39]); the Settlement Agreement (Docket No. 39-1); the Revised "Notice of Fair Labor Standards Act Settlement" submitted to the Court on June 22, 2012 (Docket No. 51-1); the "Claim and Opt-In Form" (Docket No. 51-1) attached as Exhibit B to the Settlement Agreement; the two declarations of Plaintiffs' Counsel submitted in support of the Motion (Docket Nos. [41], [42]); the additional materials submitted upon request of the Court including supplemental exhibits, affidavits, and billing information (Docket Nos. [44], [45], [51], [52]); the Parties' Status Report (Docket No. [50]) and Joint Supplemental Report (Docket No. [51]); and all other settlement documents and the pleadings in the case as a whole, and having preliminarily concluded that the terms set forth in the parties' Settlement Agreement represent a fair and reasonable resolution of a bona fide dispute, the Court hereby enters the

1

following order:

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement is preliminarily approved as a fair and reasonable resolution of the parties' bona fide dispute under the FLSA;

2. This action is preliminarily certified as an FLSA collective action pursuant to 29 U.S.C. § 216(b) for the purpose of settlement on behalf of "all individuals who are current or former non-exempt employees of Precision Air Drilling Services, Inc. ("Precision"), who performed work for Precision in the United States at any time between November 28, 2008 and April 30, 2012, and who were paid pursuant to a daily rate compensation system, including but not limited to Operators and those in similarly titled positions" (the "potential Opt-In Plaintiffs").

3. The Court approves the revised "Notice of Fair Labor Standards Act Settlement," submitted to the Court on June 22, 2012 and the "Claim and Opt-In Form" attached as Exhibit B to the Settlement Agreement, so that the potential Opt-In Plaintiffs can receive notice and the opportunity to participate and receive money from this Settlement;

4. Pursuant to Paragraph 2(b) of the Settlement Agreement, Heffler Radetich & Saitta LLP is preliminarily appointed as the Claims Administrator and shall undertake all duties assigned to the Claims Administrator in the Settlement Agreement;

5. The following schedule and procedures for completing the final approval process as set forth in the parties' Settlement Agreement, and as amended by the parties' agreement are hereby approved:

| Precision provides list of Potential Opt-In Plaintiffs to Claims Administrator and Plaintiff's Counsel, per Ex. 1 ¶ 2(h) | 5 business days after the Court's preliminary approval of the Settlement Agreement |
|---|---|

| | |
|---|---|
| Claims Administrator sends out FLSA Notice and Claim Form, per Ex. 1 ¶ 12(d) | 5 business days after receiving list of Potential Opt-In Plaintiffs |
| Claims Administrator sends duplicate mailing of FLSA Notice and Claim Form, per Ex. 1 ¶ 12(f) | 30 days after mailing of FLSA Notice and Claim Form |
| Claims Submission Period, per Ex. 1 ¶ 2(d) | 60 days after mailing of FLSA Notice and Claim Form |
| The Parties Submit Motion for Final Approval, Declaration, Proposed Final Judgment and Stipulated Request For Dismissal of This Case (amended by agreement of the parties per the Court's June 19, 2012 Order) | 5 business days after Claims Submission Period |
| Precision delivers Gross Settlement Amount to Claims Administrator, per Ex. 1 ¶ 17(a) | 5 business days after Claims Submission Period |

| | |
|---|---|
| Precision executes an election statement for Qualified Settlement Fund, per Ex. 1 ¶ 17(a) | 5 business days after submitting funds to Claims Administrator |
| Final Fairness Hearing | September 26, 2012 at 9:00 a.m. |
| Payment for Retaliation Claim and Service Award made to Named Plaintiff, per Ex. 1 ¶ 18(a) (and by agreement of the parties as amended per the Court's June 19, 2012 Order) | 15 business days following the Claims Submission Period, or 5 business days following the Court's order granting final approval, whichever is later. |
| Payment of Attorneys Fees and Costs, per Ex. 1 ¶ 18(b)(ii) (and by agreement of the parties as amended per the Court's June 19, 2012 Order) | 15 business days following the Claims Submission Period, or 5 business days following the Court's order granting final approval, whichever is later. |
| Payment of Settlement Awards to the Named Plaintiff and Opt-In Plaintiffs, per Ex. 1 ¶ 19(d) (and by agreement of the parties as amended per the Court's June 19, 2012 Order) | 20 business days following the Claims Submission Period, or 5 business days following the Court's order granting final approval, whichever is later. |

The Final Approval Hearing is set for **Wednesday, September 26, 2012 at 9:00 a.m.** before the Honorable Nora Barry Fischer, United States District Judge at the U.S. Courthouse, Courtroom 5B, 700 Grant Street, Pittsburgh, PA 15219.

IT IS SO ORDERED, this 25th day of June, 2012

/s/ Nora Barry Fischer
Nora Barry Fischer
U.S. District Judge

3

4

cc/ecf: All counsel of record